IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT F. GEORGE, ) | |
|                Petitioner ) | |
| ) | |
| vs. ) | Civil Action No. 07-1543 |
| ) | Judge David Stewart Cercone/ |
| THE DISTRICT ATTORNEY ) | |
| OF WASHINGTON COUNTY ) | |
| ) | Magistrate Judge Amy Reynolds Hay |
|                Respondent ) | |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the petition for a Writ of Habeas Corpus in the above-captioned case [*See* Doc. 14 ] be dismissed for failure to prosecute.

II. Report

On August 17, 2007, the pro se Petitioner, Robert F. George ("the Petitioner" or "George"), filed an application in the Northern District of West Virginia seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. George contended that authorities in Washington County, Pennsylvania violated his right to a speedy trial under the Interstate Agreement on Detainers Act. (*See* Doc. 14 Attch. 1). The original Respondent, Mike Martin, filed a Motion to Dismiss, or Alternatively, for Change of Venue. Id. The Petitioner filed a response seeking change of venue. While a decision on Martin's Motion was pending, George, on October 18, 2007, filed a change of address form (Doc. 14 Attch. 13) noting that he had been moved from Tygart Valley Regional Jail, where he was incarcerated when his habeas petition was filed, to Northern Regional Jail in Moundsville, West Virginia. This was the last communication received from the Petitioner.

On October 24, 2007, a United States Magistrate Judge in West Virginia issued a Report and Recommendation recommending that the Respondent's Motion for Change of Venue be granted. (Doc. 14 -15 ). On October 25, 2007, the Report and Recommendation was sent via certified mail to George at his updated Moundsville address. (Doc. 14-16). That mailing was returned to the Clerk of the West Virginia District Court

on November 2, 2007 with a notation that George was "not [t]here". (Doc. 14-17). The Report and Recommendation was subsequently adopted by the West Virginia District Court, and, on November 13, 2007, George's petition was transferred to and docketed in the District Court for the Western District of Pennsylvania. (Doc. 14). An Order directing that the caption be amended to substitute the proper Respondent was entered on January 3, 2008.(Doc. 15). Return of Service was executed on January 9, 2008.

In response to a telephone inquiry, this court was informed that George had been transferred from the Moundsville Jail to an unknown facility. On March 13, 2008, an Order [Doc. 18] was entered directing that a Rule to Show Cause, returnable March 24, 2008, be issued on George, to explain to the court why this action should not be dismissed for failure to prosecute. That Order was sent to George on March 14 at his last known address. To date, George has failed to respond.

The punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In exercising its discretion, the court must consider the following six factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984):

(1) The extent of the party's personal responsibility;

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) A history of dilatoriness;

(4) Whether the conduct of the party or the attorney was willful or in bad faith;

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) The meritoriousness of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). On the whole, the Poulis factors favor dismissal of George's Petition.

Since filing a change of address form with the District Court for the Northern District of West Virginia in October 2007, George has not communicated with the Court, and the Court has been unable to communicate with him. It is clear from the record that George has informed the court of his whereabouts in the past, and has made at least one filing beyond the habeas petition. Plaintiff's failure to notify the Court of his change of address over the last months and his additional failure to respond to the Order to Show Cause appear to constitute dilatory conduct and a lack of personal responsibility, and may well rise to the level of bad faith.

The prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders does not appear to extend beyond that associated with general delay and the administrative inconvenience associated with transferring George's petition to an alternate venue. Similarly, the meritoriousness of the claim is unknown at this point, although the court does note that the Magistrate Judge reviewing the matter initially did not find that the case warranted summary dismissal. Neither of these Poulis factors weighs strongly in favor of nor against dismissal.

Poulis last directs that the court consider the effectiveness of sanctions other than dismissal. Since the Petitioner filed this action in forma pauperis, monetary sanctions would be meaningless. More fundamentally, however, dismissal is appropriate because this case cannot proceed without the participation of the Petitioner. Because he has elected not to participate, and the court is unable to communicate with him, it is respectfully recommended that George's petition be dismissed. No other sanction will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, Petitioner is permitted to file written objections on or before April 28, 2008. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/ s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: April 11, 2008

cc:    Robert F. George
       42370-1
       Northern Regional Jail
       Route 2, Box 1
       Moundsville, WV 26041

       Dawn E. Warfield, Esquire
       Attorney General's Office
       Charleston WV State Capitol Complex
       Building 1, Room E-26
       Charleston, WV 25305-0220